Appeal of **HUNTINGTON & CLEAR-**     Docket No. 358.
**FIELD TELEPHONE
CO. and SUMMERVILLE
TELEPHONE CO.**

Under all the facts and circumstances of the case, *held*, that the first corporation owned and controlled through closely affiliated interests substantially all of the stock of the second corporation within the meaning of section 240 of the revenue act of 1918.

Submitted December 11, 1924; decided March 9, 1925.

*Thompson Cummings*, *C. P. A.*, for the taxpayer.

*Laurence Graves, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

This appeal involves income and profits taxes for 1919 and is based upon the refusal of the Commissioner to permit the Summerville Telephone Co. and the Huntington & Clearfield Telephone Co. to file a consolidated return.

### FINDINGS OF FACT.

The Huntington & Clearfield Telephone Co. was a corporation, 90.12 per cent of whose stock was owned by a syndicate. The syndicate was composed of a small group of persons, about seven in number, associated together for the purpose of acquiring and holding a controlling interest in the Huntington & Clearfield Telephone Co. and the Summerville Telephone Co. A. W. Lee, H. J. Patton, John W. Wrigley, and George E. Prindible were syndicate managers.

The Summerville Telephone Co. was a corporation, 84 per cent of whose stock was owned in 1919 by the Huntington & Clearfield Telephone Co. The auditor of the Huntington & Clearfield Telephone Co. purchased 13.96 per cent of the stock of the Summerville Telephone Co., which stock was issued in the name of, and held of record by, H. J. Patton. He held it in trust for the Telephone Securities Corporation, which was purely a holding company. Patton represented both the Huntington & Clearfield Telephone Co. and the Telephone Securities Corporation.

A. W. Lee and H. J. Patton were managers for the syndicate. Ninety and twelve one-hundredths per cent of the stock of the Huntington & Clearfield Telephone Co., which was owned by the syndicate, appeared of record in the name of A. W. Lee and H. J. Patton. A. W. Lee was the president of both the Huntington & Clearfield Telephone Co. and the Summerville Telephone Co. and H. J. Patton was the treasurer of both said corporations.

Both the Huntington & Clearfield Telephone Co. and the Summerville Telephone Co. were local telephone companies. The Huntington & Clearfield Telephone Co. operated approximately 5,500 telephones and the Summerville Telephone Co. operated about 4,200 telephones.

In the stockholders' meetings of the Summerville Telephone Co. only the 84 per cent of its stock which was owned by the Huntington & Clearfield Telephone Co. was represented and voted during the period involved in this appeal.

### DECISION.

The deficiency determined by the Commissioner, in the amount of $587.04, is disallowed.

### OPINION.

TRAMMELL: The question presented is whether the Huntington & Clearfield Telephone Co. and the Summerville Telephone Co. were affiliated in 1919, within the meaning of section 240 of the revenue act of 1918, the pertinent portion of which is as follows:

(b) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns directly or controls through closely affiliated interests or by a nominee or nominees substantially all the stock of the other or others, or (2) if substantially all of the stock of two or more corporations is owned or controlled by the same interests.

The Huntington & Clearfield Telephone Co. owned 84 per cent of the stock of the Summerville Telephone Co., and contends that it controlled the 13.96 per cent of the stock of said corporation which was owned by the Telephone Securities Corporation, which stock, added to that owned by it, amounted to substantially all of said stock and was sufficient stock ownership or control to meet the provisions of section 240 (b) of the 1918 act.

It was contended in behalf of the Commissioner that the expression "controlled through closely affiliated interests" means an indirect ownership of the stock as distinguished from a direct ownership thereof, as provided in the first clause of the section of the statute quoted above. The board, however, is unable to accept this contention as being a true construction of the statute. If this were true, the word *control* would lose its significance, as the statute would be just as effective by providing that two or more corporations should be affiliated if one *owned* directly or *through closely affiliated interests* substantially all of the stock of the other or others.

An analysis of the facts in this case shows that the Huntington & Clearfield Telephone Co. did in fact exercise an effective control over the stock of the Summerville Telephone Co. through interests which were closely connected with it by business ties and interests. The stock of the Summerville Telephone Co. owned by the Telephone Securities Co. was held of record by the treasurer of the Huntington & Clearfield Telephone Co., one of the persons who held of record the stock of the Huntington & Clearfield Telephone Co. The stock owned by the Telephone Securities Co. which appeared of record in the name of the treasurer of the Huntington & Clearfield Telephone Co. was not voted or represented in any of the stockholders' meetings of the Summerville Telephone Co., notwithstanding the fact that the person who held said stock of record for the Telephone Securities Co. was the treasurer of both the Summerville Telephone Co. and the Huntington & Clearfield Telephone Co. and also repre-

sented the Telephone Securities Co. · A. W. Lee and H. J. Patton were the president and treasurer, respectively, of both the Huntington & Clearfield Telephone Co. and the Summerville Telephone Co. They were also two of the five managers for the syndicate which was organized for the purpose of controlling both the Summerville Telephone Co. and the Huntington & Clearfield Telephone Co.

Under the foregoing facts the Huntington & Clearfield Telephone Co. controlled the stock owned by the Telephone Securities Co. just as effectively through closely affiliated interests, without having a legal right to exercise such control, as if it had such legal right.

For the foregoing reasons it is held that the Huntington & Clearfield Telephone Co. and the Summerville Telephone Co. were affiliated during the year 1919.